UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK

---

ROQUE FELIX GENAO GIRALDO,

                      Plaintiff,

        - versus -

UNITED STATES OF AMERICA; BUREAU OF PRISONS; METROPOLITAN DETENTION CENTER; UNITED STATES MARSHALS SERVICE; BROOKLYN HOSPITAL,

                      Defendants.

MEMORANDUM AND ORDER

14-cv-5568 (JG)

A P P E A R A N C E S:

    ROQUE FELIX GENAO GIRALDO
        92071-054
        Moshannon Valley Correctional Institution
        555 Geo Drive
        Philipsburg, PA 16866
        *Plaintiff pro se*

    KAUFMAN BORGEEST & RYAN LLP
        120 Broadway, 14th Floor
        New York, NY 10271
    By:    Cristina La Marca
        Rocco P. Matra
        *Attorneys for Defendant Brooklyn Hospital*

JOHN GLEESON, United States District Judge:

        Roque Felix Genao Giraldo brings this *pro se* action against the United States of America, the Bureau of Prisons, the Metropolitan Detention Center ("MDC"), and the United States Marshals Service (together, the "Federal Defendants"), and Brooklyn Hospital. He seeks damages arising from an injury he sustained to his thumb while he was an inmate at the MDC. Giraldo asserts that his claim is for "negligence" against the named defendants. He does not

specify whether he brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, or if he alleges Eighth Amendment violations under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics* Agents, 403 U.S. 388 (1971), but I will construe his complaint as bringing both of these causes of action, in addition to state law claims for medical malpractice and negligence. Giraldo initially filed his complaint on July 22, 2014, in the Southern District of New York; it was transferred to this district on September 17, 2014. ECF Nos. 1-2. Brooklyn Hospital now moves to dismiss. I heard oral argument on March 18, 2015, at which plaintiff appeared by telephone. For the reasons discussed below, Brooklyn Hospital's motion to dismiss is granted.

## BACKGROUND

For the purposes of this motion, I assume the facts alleged in Giraldo's complaint to be true. Giraldo alleges that, on an unspecified date and time, while working in the kitchen of the MDC, he suffered an injury to his finger that was not given proper medical attention. He alleges that the inattention to the injury caused him pain and permanent damage to his finger, and that he would have fully recovered if only he had received proper medical attention at the time of his injury. Giraldo alleges that upon his release, he will have limited job opportunities because his skills will limit him to manual labor jobs but he is unable even to hold a fork or a pencil for long periods of time. *See* Complaint (ECF No. 1, July 22, 2014).

In an "Affidavit in Support of the Plaintiff's Complain[t]" submitted in opposition to the motion, Giraldo specifies that the injury occurred in November 2013 to his left thumb.[1] Pl. Aff. (ECF No. 28, Feb. 2, 2015) ¶ 4. He asserts that he received an x-ray right after the accident at the MDC, and the staff at the MDC gave him medication and a splint for his finger.

---

[1] Although Giraldo did not seek leave to amend, with the consent of Brooklyn Hospital (expressed at oral argument) I consider Giraldo's affidavit a supplement to the complaint for purposes of this motion.

2

Then, months after the injury in (April 2014), Giraldo was taken to Brooklyn Hospital and had images taken of his thumb, but he was sent home without receiving additional treatment. Several weeks later, he went back to Brooklyn Hospital and had a specialist examine his thumb. The specialist said that because he waited too long after suffering the injury, there was nothing he could do; the pain and limited mobility in Giraldo's thumb would be permanent. The specialist also told Giraldo that he should have come to the hospital within nine days of his injury. Pl. Aff. ¶¶ 6-7.

## DISCUSSION

A. *The Standard of Review*

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff therefore is obligated to "provide the grounds of his entitlement to relief" with "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and internal alterations omitted).

At the same time, a court must construe a *pro se* litigant's pleadings liberally, especially when those pleadings allege civil rights violations. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

B. *Brooklyn Hospital's Motion to Dismiss*

Giraldo asserts federal constitutional violations, medical malpractice, and negligence claims against Brooklyn Hospital. The hospital moves to dismiss under Rule 12(b)(6) for failure to state a claim. It argues that it is not a state actor under § 1983, and even if the allegations made against the Federal Defendants could be asserted against the hospital, those allegations do not state a cognizable claim sufficient to survive a motion to dismiss.

1. *Section 1983 Claims*

Section 1983 imposes civil liability on any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction [of the United States] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. It "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris-Hayes v. Board of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). Giraldo may assert constitutional violations against federal officials through a *Bivens* action. "*Bivens* actions, however, do not provide for broad recovery from any person or entity alleged to have violated a plaintiff's rights under the Constitution or federal laws; recovery is permitted only from individual federal officials." *Holland v. Pinkerton Sec.*, 68 F. Supp. 2d 282, 284 (S.D.N.Y. 1999) (citing *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)).

Brooklyn Hospital argues that it is not a state actor under Section 1983. "[T]he core purpose of § 1983 is 'to provide compensatory relief to those deprived of their federal rights by state actors.'" *Hardy v. New York City Health and Hosps. Corp.*, 164 F.3d 789, 795 (2d Cir. 1999) (quoting *Felder v. Casey*, 487 U.S. 131, 141 (1988)). Usually, a private hospital will not be considered a state actor. *See Urena v. Wolfson*, No. 09-CV-1107 (KAM) (LB), 2010 WL

5057208, at *10 (E.D.N.Y. Dec. 6, 2010) (citing *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as . . . hospitals . . . are generally not proper § 1983 defendants because they do not act under color of state law.")); *Sockwell v. Bernstein*, No. 07–CV–00866, 2007 WL 879582 at *2 (E.D.N.Y Mar. 21, 2007) (holding that a private hospital cannot be sued under § 1983 or *Bivens*). In *Urena*, the district court granted summary judgment for New York Downtown Hospital in a § 1983 case because it was undisputed that the hospital was a "private medical institution." *Urena*, 2007 WL, at *2.

If Brooklyn Hospital is also a "private medical institution," it will not be considered a state actor for purposes of § 1983 or *Bivens*. But if Giraldo could show Brooklyn Hospital is a public hospital or a private hospital that has a contract to provide services to inmates, the hospital may be considered a state actor. *See West v. Atkins*, 487 U.S. 42 (1988) (holding that a private physician, under contract with the state to provide medical services to inmates, was liable as a state actor under § 1983). I need not decide whether discovery into the nature of Brooklyn Hospital's status or relationship with the MDC is appropriate, however, because even if it (or the doctor who evaluated Giraldo) were properly considered a state actor, Giraldo has not stated a claim for a violation of his Eighth Amendment rights.[2] "The Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon prison officials to ensure that inmates receive adequate medical care." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citation omitted). There are two requirements Giraldo must meet to establish an Eighth Amendment violation. The first is an objective test with two components: was Giraldo "actually deprived of adequate medical care"; and if so, was the alleged deprivation "sufficiently serious." *Id.* at 279-80. The second requirement is subjective, and asks whether the official

---

[2] Because Giraldo is a convicted inmate (as he confirmed at oral argument), his claim is construed as alleging violations of his Eighth Amendment protection against cruel and unusual punishment. *Barrett v. Goldstein*, No. 07-cv-2483 (RJD) (LB), 2009 WL 1873647, at *2 (E.D.N.Y. June 29, 2009).

acted "with a sufficiently culpable state of mind," or was deliberately indifferent to an inmate's health. *Id.* (citation omitted).

Giraldo's allegations fail, as a matter of law, to satisfy the first prong of this test. The harm caused to his thumb was not sufficiently serious. I consider several factors in making this determination: "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment[,] the presence of a medical condition that significantly affects an individual's daily activities[,] or the existence of chronic and substantial pain." *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citations and internal alterations omitted). Giraldo alleges that he received medical treatment, suffered severe pain, and that his injuries have affected his daily activities and his potential for finding employment upon release. However, a broken finger is not "sufficiently serious" to state a claim under the Eighth Amendment. *See Barrett v. Goldstein*, No. 07-cv-2483(RJD)(LB), 2009 WL 1873647, at *3 (E.D.N.Y. June 29, 2009) (dismissing plaintiff's claim on this basis).

Giraldo also fails the second prong of the test because he has not alleged that the treating physician or anyone at Brooklyn Hospital acted with a culpable state of mind. He acknowledges he received some treatment at the MDC and was seen later by a specialist at Brooklyn Hospital, but the specialist said there was nothing that could be done. At most, Giraldo only disagrees with the specialist's decision. But "[i]t is well-established that the mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. Even if the treatment were negligent or constituted malpractice, that alone is not enough. *Id.*; *see also Barrett*, 2009 WL, at *3 ("[M]ere malpractice allegations do not rise to the level of a constitutional violation in the context of a *Bivens* claim.") (citation omitted). For these reasons, Giraldo's § 1983 claim against Brooklyn Hospital is dismissed.

2. *Conceivable State Law Claims*

Brooklyn Hospital argues that to the extent Giraldo's complaint can be read as raising related state law claims, *i.e.*, of negligence or medical malpractice, I should refrain from exercising supplemental jurisdiction over it. I agree. Because I grant the hospital's motion to dismiss Giraldo's federal claims, I decline to exercise supplemental jurisdiction over any related state law claims discernible in Giraldo's complaint. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to exercise supplemental jurisdiction" over related state law claims if the court "has dismissed all claims over which it has original jurisdiction"); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

I am mindful that federal claims still remain against other defendants, and that those claims support supplemental jurisdiction over Giraldo's state claims. However, those claims—which are subject to a pending motion to dismiss by the Federal Defendants—appear to suffer from the same disability that has resulted in the dismissal of the federal claim against Brooklyn Hospital. In any event, the exercise of supplemental jurisdiction is discretionary, and I decline to exercise it here with respect to Giraldo's state law claims.

CONCLUSION

For the reasons discussed above, Brooklyn Hospital's motion to dismiss is granted.

So ordered.

John Gleeson, U.S.D.J.
Dated:	March 31, 2015
	Brooklyn, New York