UNITED STATES DISTRICT COURT       FOR ONLINE PUBLICATION
EASTERN DISTRICT OF NEW YORK

ROQUE FELIX GENAO GIRALDO,

         Plaintiff,

  - versus -

UNITED STATES OF AMERICA; BUREAU
OF PRISONS; METROPOLITAN
DETENTION CENTER; UNITED STATES
MARSHALS SERVICE; BROOKLYN
HOSPITAL,

         Defendants.

MEMORANDUM
AND ORDER
14-CV-5568 (JG)

A P P E A R A N C E S:

  ROQUE FELIX GENAO GIRALDO
    92071-054
    Moshannon Valley Correctional Institution
    555 Geo Drive
    Philipsburg, PA 16866
    *Plaintiff pro se*

  KELLY T. CURRIE
    Acting United States Attorney
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
  By: Dara A. Olds
    *Attorney for Federal Defendants*

JOHN GLEESON, United States District Judge:

  Roque Felix Genao Giraldo brings this action seeking damages from an injury he sustained to his thumb while he was an inmate at the Metropolitan Detention Center ("MDC"). He asserts claims against United States of America, the Bureau of Prisons, the MDC, and the United States Marshals Service (together, the "Federal Defendants"), and Brooklyn Hospital. On March 31, 2015, I dismissed Giraldo's claims against Brooklyn Hospital. *See Giraldo v. United*

*States*, No. 14-CV-5568 (JG), 2015 WL 1476409 (E.D.N.Y. Mar. 31, 2015), ECF No. 35. The Federal Defendants now move to dismiss for lack of subject matter jurisdiction. I heard oral argument on May 13, 2015, at which Giraldo appeared by video conference. For the reasons stated below, the Federal Defendants' motion is granted.

I assume familiarity with the facts and legal standards as stated in my March 31 written opinion. Giraldo does not specify whether he asserts claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, or Eighth Amendment violations under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). I previously construed his complaint as bringing both causes of action, and state law claims for medical malpractice and negligence as well. *Giraldo*, 2015 WL 1476409, at *1-2. The Federal Defendants argue that Giraldo's claims must be dismissed for lack of subject matter jurisdiction because (1) the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, bars Giraldo's claims; (2) Giraldo failed to exhaust administrative remedies under the FTCA; and (3) Giraldo fails to state a claim for violation of his constitutional rights.

A. *The Inmate Accident Compensation Act*

The Federal Defendants assert that the IACA bars Giraldo's tort action. The IACA provides "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). This statutory scheme is the exclusive remedy for prisoners who sustain work-related injuries while they are in prison. *United States v. Demko*, 385 U.S. 149, 152-54 (1966); *see also* 28 C.F.R. § 301.319 ("Inmates who are subject to the provisions of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act."); *Barrett v. Goldstein*, No. 07-CV-2483

(RJD) (LB), 2009 WL 1873647, at *4 (E.D.N.Y. June 29, 2009) (citing *Demko,* 385 U.S. at 152). Courts in this Circuit have also found that the IACA serves as the exclusive remedy for inmates "when a work-related injury is further aggravated by negligence or medical malpractice on the part of prison medical personnel." *Barrett*, 2009 WL 1873647, at *4 (quoting *Moore v. United States*, No. 85-CV-1151, 1988 WL 70025, at *3 (N.D.N.Y. June 30, 1988)).

In Giraldo's opposition to the defendants' motion, he says that, "even thoug[h] the accident that caused his injury had occurred during the timeframe of his work-shift," the accident "probably" was not work-related because it occurred "at lunch time in an area specifically [designed] to eat . . . ." Pl. Opp. at 3you ca. However, in the affidavit submitted with Giraldo's opposition, he asserts that he sustained the injury in question "while working in the main kitchen at MDC-BROOKLYN." *Id.* at 15 (citing Pl. Aff., Feb. 2, 2015, ECF No. 28, ¶ 4).[1] In the affidavit, Giraldo says that the accident occurred while Giraldo was sitting down to eat lunch at the scheduled time for inmate orderlies. Pl. Aff. ¶ 4.

Under the applicable regulations, an injury is "work-related" if it is "proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102(a). *See also Dunn v. U.S. Fed. Bureau of Prisons*, No. 03-CV-1928 (JBA), 2006 WL 695805, at *3-4 (D. Conn. Mar. 20, 2006) (injuries were "work-related" under the IACA when sustained while inmate was leaving her work area); *Codianni-Robles v. United States*, No. 04-CV-1725 (JCH), 2005 WL 2098837, at *1-2 (D. Conn. Aug. 29, 2005) (denying defendant's motion to dismiss because inmate's injuries were not clearly "work-related" when she alleged she was walking to a social gathering to discuss a work-related matter); *Gomez v. Warden of Otisville Corr. Facility*, No. 99-CV-9954 (AGS), 2000 WL 1480478, at *1-2 (S.D.N.Y. Sept. 29, 2000) (inmate's injuries

---

[1] In my opinion dismissing Brooklyn Hospital's claims, I decided to consider Giraldo's affidavit submitted in opposition to Brooklyn Hospital's motion as a supplement to his complaint.

were clearly "work-related" when he was injured when walking from one work assignment to another).

The Federal Defendants point to a series of cases in other circuits finding that the IACA applies even if an inmate is on a break from work or traveling to or from a break when the injury occurs. *See* Def. Reply at 3-4 (citing cases including *Mays v. United States*, No. 13-CV-0522, 2013 WL 6709761, at *3 (M.D. Pa. Dec. 18, 2013) *aff'd* 567 F. App'x 81, 82 (3d Cir. 2014)). In *Mays*, the Third Circuit affirmed the district court's decision that an inmate who slipped and fell on a wet floor during a scheduled break time was limited to remedies prescribed by the IACA. *See* 567 F. App'x at 81-82 (also citing *Wooten v. United States*, 437 F. 2d 79, 80 (5th Cir. 1971) (per curiam)). This exact set of facts has not yet been decided by the Second Circuit. However, I am persuaded by the reasoning in *Mays* and by the cases from this Circuit discussed above. Therefore, even if Giraldo were eating lunch during a scheduled break when he sustained the injury to his thumb, he is limited to recovery under the IACA.

For these reasons, Giraldo's tort claim under the FTCA is dismissed.[2] To assert a claim under the IACA, Giraldo must submit a claim to the Institution Safety Manager or Community Corrections Manager between 45 and 15 days prior to his release. *See* 28 C.F.R. § 301.303(a); *see generally* 28 C.F.R. §§ 301.101-319. The claim may be filed by completing form BP-AO658, which is available at http://www.bop.gov/policy/forms/BP_A0658.pdf.

B. *Giraldo's Additional Claims*

---

[2] Because I find that the IACA provides Giraldo's exclusive remedy for his tort action against the United States, I need not consider the additional evidence submitted by the Federal Defendants in support of their argument that Giraldo failed to exhaust administrative remedies under the FTCA. *See* Fed. Def. Ex. A, ECF No. 33 (Bork Decl.). Giraldo admits he "probably" did not exhaust the administrative remedies necessary under the FTCA as stated in 28 U.S.C. § 2401(b). *See* Pl. Opp. at 15.

The question of whether Giraldo may assert a *Bivens* claim against federal officials in addition to his claim against the United States under the IACA has not been decided by the Second Circuit. *See Smith v. United States*, 561 F.3d 1090, 1102 (10th Cir. 2009) (concluding that the IACA did not preclude the plaintiff's *Bivens* claim and noting that only the Seventh Circuit has previously considered the issue). As the Tenth Circuit discussed in *Smith*, the Supreme Court has held that a *Bivens* remedy may be available against prison officials even where the inmate asserts a FTCA claim. *Id.* at 1099-1100 (citing *Carlson v. Green*, 446 U.S. 14, 18 (1980)). The issue has not been decided by the Supreme Court or the Second Circuit as it relates to the availability of a *Bivens* claim when an inmate brings a claim under the IACA.

Assuming without deciding that Giraldo could bring a *Bivens* claim in addition to the IACA claim, Giraldo's *Bivens* claim would not survive a motion to dismiss. First, Giraldo sued the United States and its agencies, and not the federal officials involved in his accident. *Bivens* actions are properly asserted against federal officials, not the United States. *See Schweitzer v. Dep't of Veterans Affairs*, 23 F. App'x 57, 59 (2d Cir. 2001); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994). Even if Giraldo had sued the prison officials who allegedly caused the deprivation of rights, his Eighth Amendment claim would fail for the reason stated in my March 31 opinion, *i.e.*, the allegations fail to establish that the harm caused to Giraldo's thumb was sufficiently serious. *See Giraldo*, 2015 WL 1476409, at *3 (citing *Barrett*, 2009 WL 1873647, at *3).

Finally, because I grant the Federal Defendants' motion to dismiss Giraldo's federal claims, I decline to exercise supplemental jurisdiction over any related state law claims discernible in Giraldo's complaint. *See* 28 U.S.C. § 1367(c)(3) (district court "may decline to

exercise supplemental jurisdiction" over related state law claims if the court "has dismissed all claims over which it has original jurisdiction").

## CONCLUSION

For the reasons discussed above, the Federal Defendants' motion to dismiss is granted. The Clerk is respectfully directed to close the case.

So ordered.


John Gleeson, U.S.D.J.

Dated: July 6, 2015
       Brooklyn, New York